IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Complainant, | ) | |
| | ) | |
| | ) | |
| vs. | ) | 20 CR 826-1 |
| | ) | |
| KARL QUILTER, | ) | Honorable Virginia Kendall, |
| | ) | Judge Presiding. |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMO**

Now comes the Defendant, KARL QUILTER, by his attorney, Donna Hickstein-Foley, and provides this Court and the parties with his sentencing memo. In support, it is stated:

Defendant has reviewed his Presentence Report with Counsel and makes no request for corrections or other changes. Defendant has made some minor comments which are contained in a footnote here.[1] These comments do not impact his acceptance of the facts nor his acceptance of

---

[1] Defendant's review prompted a few minor concerns which Counsel for Defendant places into the record. However, none of the comments are intended to challenge or otherwise to materially affect the guidelines in this matter:
    a.    Para. 40, page 11: Defendant knew the family and was not just visiting the victim but also the family. This appears consistent with the benign nature of the photo depicting him and the victim which is referenced in this paragraph.
    b.    Para. 41, page 11: The Government characterized through an agent's statement that Defendant was contacting minor female individuals "at *every opportunity* at work." [Emphasis added] Defendant denies that he attempted to do this at "every opportunity at work."
    c.    Para. 42, page 11: The Government alleges the Defendant "groomed" minors. Defendant does not understand the term as used with regard to his conduct and declines to agree that he "groomed" the minors.
    d.    Para. 161, page 25: This regards his employment history. Defendant advises the Court that during his employment, he also worked as a dietary supervisor following a promotion.

responsibility.

As noted, while the footnote expresses some concerns by Defendant, he nevertheless requests no changes to the facts or the guideline calculations in his Presentence Report. The following is his mitigation argument.

Other than some traffic infractions and of course the conduct for which he pled guilty here, Mr. Quilter had led a reportedly law abiding life and had a long employment history with a single employer. At some point, Defendant's marriage to his wife became estranged although Mr. Quilter continues to live with his wife, daughter and mother in law during the duration of his release in this matter. Patricia Meighan, who is Mrs. Quilter, affirmed to the Probation that she continues to support her husband and will continue to welcome him back to her home following his release from the completion of his sentence.

**Medical History:**

In addition to Defendant's lack of any significant criminal history, Defendant points to his medical history in mitigation. Even at the low end of his statutory range, Defendant would need to serve a minimum of fifteen years in the Bureau of Prisons. Since Defendant is 58 years old, this means the low end of his possible sentence would not make him eligible for release until his early 70's. Defendant recognizes his guidelines place him well above the statutory maximum of thirty years and that he would be in his late 80's upon his release if he were sentenced at the high end.

Defendant has serious health concerns which the Court has been apprised through status reports during the pendency of this matter. The most significant is Congestive Heart Failure. Defendant does not want to die in prison. While the current on going treatment involves

modification of his medication to see if the implant of a Dibrillator can be avoided, the medicinal treatment at the time of sentencing has not resolved the cardiac conerns. (See Exhibit 1) Defendant incorporates by reference the prior medical reports starting from late December 2022 to now which are contained as exhibits filed in docket numbers 83 and 91. Defendant attaches as Exhibit 2 a posting from Johns Hopkins briefly explaining Congestive Heart Failure. This narrative discusses the medication/defibrillator types of treatment for this medical condition. However, it does indicate that heart failure is a progressive illness and no treatment known will cure it. The best it can do is slow the deterioration. (See Group Exhibit 2 (c))

In assessing the appropriate penalty, Defendant asks the Court to also take into consideration the time period Defendant has spent on home incarceration.[2] Defendant was arrested on November 24, 2020. He was later released on home incarceration on June 7, 2021. (Docket No. 39) Since that time period, he has remained in his home with the exception of medical visits and a wake and funeral service for a family member. There may have been other limited periods outside the home that were within the discretion of Pretrial but the ones listed are the only ones of which Counsel for Defendant is aware. Thus at the time of this writing, Defendant has been on home incarceration for nearly two years.

---

[2]There only have been two incidents which triggered reports to the Court. The first involved a visit by Pretrial where the Officer found Defendant alone in the house because his third party custodian (daughter) was at work and the back up third party custodian (wife) had left the home to pay a bill. The second incident involved the presence of an Xbox in the daughter's bedroom. It was explained that the daughter's friend had brought it into the house during an overnight stay but it was not connected to the Internet. There also was a note outside Defendant's door requesting the visitor to knock before entering and there was an audio alarm that could sound. It was explained that Defendant did not lock his bedroom door because of his heart condition but that his mother in law, a resident in the home, suffers from dementia and will enter Defendant's bedroom without knocking first when he might be sleeping, getting dressed or using the bathroom.

For all the reasons stated, Defendant asks the Court to sentence him to the statutory minimum of fifteen years. This sentence is a severe one for an individual of Defendant's age. Under the statutory factors of 18 §3553(a), fifteen years does reflect the seriousness of the offense, promotes respect for the law and would provide a just punishment. It is sufficiently severe to afford adequate deterrence to criminal conduct and considering Defendant's age upon release would protect the public from further crimes of the Defendant.

        Respectfully submitted,

        <u>Ss//Donna Hickstein-Foley</u>
        Attorney at law

9644 South Hamilton
Chicago, IL 60643-1631
773 881 3800